UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE J. MARCHIANO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>　　　　　　　　　　　Defendant. | 10-CV-07819 (LBS) |
| BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>　　　　　　　Third-Party Plaintiff,<br><br>　　-against-<br><br>KAREN SCOTT,<br><br>　　　　　　Third-Party Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THIRD-PARTY
DEFENDANT KAREN SCOTT'S MOTION TO DISMISS
<u>THE THIRD-PARTY COMPLAINT</u>**

Karen Scott ("Scott")[1] submits this reply memorandum of law in further support of her motion to dismiss the Third-Party filed by Berlamino pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In opposition to Ms. Scott's motion to dismiss the Third-Party Complaint, Berlamino suggests that Ms. Scott is liable for contribution in the event that she is found liable to Mr. Marchiano for age-based discrimination because Ms. Scott allegedly participated in the decision to not renew Mr. Marchiano's employment contract. However, neither the underlying complaint filed by Mr. Marchiano nor the Third-Party Complaint sets forth *any facts* from which Ms. Scott could be held personally liable for any age-based discrimination against Mr. Marchiano.

As set forth below and in the Moving Brief, the Third-Party Complaint should be dismissed in its entirety.

## ARGUMENT

### I.

### Third-Party Plaintiffs Have Failed to Allege a *Prima Facie* Claim of Contribution Against Ms. Scott

Berlamino has failed to allege a claim of contribution against Ms. Scott based on the NYHRL and the NYCHRL because she has not (and cannot) allege that Ms. Scott "participated in the underlying acts that are *the root* of the discrimination claim." *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 251 (E.D.N.Y. 1999) (emphasis added); *see also Crump v. ITT Standard*, No. 02 Civ. 957A, 2004 U.S. Dist. LEXIS 30555, at *11 (W.D.N.Y. Aug. 31, 2004).

---

[1] Terms used herein have the same definition and meaning ascribed in the memorandum of law in support of Ms. Scott's motion to dismiss (the "Moving Brief"). Citations to the Moving Brief will be as follows: "Moving Brief at

Here, the root of Mr. Marchiano's claim is that Berlamino's unlawful employment practices, which included a "concerted and barely concealed effort by Ms. Berlamino to push older members of the broadcast team," discriminated against Mr. Marchiano based on his age. (Marchiano Complaint at ¶¶ 1, 23).

In opposition to Ms. Scott's motion, Berlamino argues that Ms. Scott is liable for contribution in the event that she is held liable to Mr. Marchiano because Ms. Scott allegedly participated in the decision to not renew Mr. Marchiano's employment contract. These bald allegations, without more, are insufficient to state a claim for contribution against Ms. Scott.

Nowhere in the Marchiano Complaint nor the Third-Party Complaint are any allegations that Ms. Scott actively participated in the acts constituting discrimination. Rather, as noted in the Moving Brief, the only references to Ms. Scott in the Marchiano Complaint state that Ms. Scott informed Mr. Marchiano that *Berlamino* had decided not to renew Mr. Marchiano's contract. (Marchiano Complaint at ¶ 17; *see also* Moving Brief at 5) The remaining allegations concerning Ms. Scott in the Marchiano Complaint merely discuss allegations made by Ms. Scott in her own age discrimination lawsuit. (Marchiano Complaint at ¶¶ 24-29)

The Third-Party Complaint similarly fails to allege that Ms. Scott took any action to discriminate against Mr. Marchiano. The only allegations against Ms. Scott in the Third-Party Complaint are that Ms. Scott allegedly participated in the decision not to renew Mr. Marchiano's contract, informed Berlamino that Mr. Marchiano agreed to characterize his departure from WPIX as a retirement, and was involved in selecting a replacement for Mr. Marchiano's sports anchor position. (Moving Brief at 5-6) However, that Ms. Scott allegedly participated in discussions regarding the renewal of Mr. Marchiano's contract and his departure from WPIX

---

__." Citations to Berlamino's opposition to Ms. Scott's motion to dismiss (the "Opposition Brief") will be as follows: "Opposition Brief at __."

does not come close to establishing that Ms. Scott discriminated against Mr. Marchiano on the basis of age.

The two cases Third-Party Plaintiffs cite in support of their contribution claim – *Crump v. ITT Standard*, No. 02 Civ. 957A, 2004 U.S. Dist. LEXIS 30555, (W.D.N.Y. Aug. 31, 2004) and *Rodolico v. Unisys Corp.*, 189 F.R.D. 245 (E.D.N.Y. 1999) – confirm that Third-Party Plaintiffs have not adequately pled a *prima facie* claim for contribution. In both *Crump* and *Rodolico*, the Courts determined that a contribution claim was viable precisely because there were allegations that the proposed third-party defendant *intentionally and actively participated* in the discriminating activity – allegations that are missing from both the Hoff Complaint and the Third-Party Complaint. *Crump*, 2004 U.S. Dist. LEXIS 30555, at *11; *Rodolico*, 189 F.R.D. at 252.

In *Crump*, plaintiff initiated an action against her employer, ITT, alleging that she was discriminated against on the basis of sex, sexual harassment, and disability. 2004 U.S. Dist. LEXIS 30555, at *1-2. Specifically, plaintiff alleged that she was repeatedly harassed by a security guard, Ray McGillivray ("McGillivray"). *Id.* at *3-4. ITT brought a third-party claim against I.R. Mueller Corporation ("Mueller"), the company with whom ITT contracted for security personnel, including McGillivray. *Id.* at *6-7. ITT alleged that Mueller was responsible under the terms of their contract to assure that Mueller's security services complied with all federal, state and local laws and that, "Mueller must indemnify ITT if ITT were to sustain damages due to a finding of sexual harassment on the part of McGillivray, a Mueller employee." *Id.* at *7. The Court noted that "[a]lthough Crump did not assert a direct claim against McGillivray, the plaintiff's allegations regarding McGillivray's conduct would support a claim that McGillivray aided and abetted . . . in the violation of Crump's rights under the various

statutory schemes cited in the complaint." *Id.* at *11. No similar allegations exist here with respect to Ms. Scott.

Similarly, in *Rodolico*, plaintiffs, members of Engineers Union Local 444, alleged that defendant Unisys corporation ("Unisys") maintained reduction in force policies and practices that discriminated against older employees. 189 F.R.D. at 247. The union members were professional engineers whose collective bargaining representative was Local 444. *Id.* at 248. The engineers had been organized by Local 444 and thereafter entered into a collective bargaining agreement (CBA) and a performance planning and evaluation program (PP&E). *Id.* at 249. Local 444 negotiated and approved the CBA and PP&E on behalf of the union members. *Id.* at 249. Unisys sought leave to file a third-party complaint against Local 444 for contribution under New York State law, alleging that to the extent Local 444 breached its duty to fairly represent its union members by "vigorously participat[ing]" in and taking an "aggressive and active role" in ratifying the allegedly discriminatory CBA and PP&E, Local 444 was jointly liable for any discrimination. *Id.* at 249-250. The Court found that the contribution claim was proper because Local 444 had a "duty to act in good faith toward their members and to fight against discrimination that may occur as a result of employment decisions" and "should be accountable for any role it may have had with regard *to intentionally aiding in discrimination* in the workplace." *Id.* at 252 (emphasis added).

Unlike in *Crump* and *Rodolico*, there are no allegations under which it could be determined that Ms. Scott took any action to discriminate against Mr. Marchiano on the basis of his age.

In sum, the Third-Party Complaint must be dismissed because Berlamino has failed to state a *prima facie* claim for contribution against Ms. Scott. *See, e.g., Vigilant Ins. Co. v. ADT*

*Security Servs., Inc.*, No. 10 Civ. 3066, 2011 U.S. Dist. LEXIS 25355, at *13-14 (S.D.N.Y. Mar. 8, 2011) (dismissing contribution claim where plaintiff failed to allege viable tort claim); *Steel v. Watch Hill Mgmt. Co.*, 08 Civ. 1698, 2010 U.S. Dist. LEXIS 83797, at *18-19 (S.D.N.Y. Aug. 11, 2010) (same); *Perkins*, 2011 U.S. Dist. LEXIS 9625, at *20 (dismissing contribution claim where defendant failed to plead the underlying elements of that claim); *Sequential Info. Systems, Inc. v. Nat'l Westminster Bank U.S.A.*, No. 91 Civ. 3619, 1995 U.S. Dist. LEXIS 14191, at *5 (S.D.N.Y. Sept. 27, 1995) (dismissing contribution claim due to "complete failure to allege facts in support of [the] claim for contribution.").[2]

## CONCLUSION

Based on the foregoing, the Third-Party Complaint should be dismissed in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: July 22, 2011

HAYNES AND BOONE, LLP
*Attorneys for Third-Party Defendant*

By: s/ Kenneth J. Rubinstein
Kenneth J. Rubinstein (KR-1410)
Sarah Jacobson (SJ-2882)
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300
ken.rubinstein@haynesboone.com

---

[2] Berlamino also denies that the Third-Party Complaint was filed in retaliation for Ms. Scott's age discrimination action against WPIX. The sequence of events leading to the Third-Party Complaint demonstrates otherwise. A claim for retaliation will be addressed at the appropriate time in the appropriate forum.