| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| SALVATORE J. MARCHIANO,<br><br>                    Plaintiff,<br><br>        v.<br><br>BETTY ELLEN BERLAMINO, in her professional<br>and individual capacities,<br><br>                    Defendant. | |
| BETTY ELLEN BERLAMINO, in her professional<br>and individual capacities,<br><br>                    Third-Party Plaintiff,<br><br>        v.<br><br>KAREN SCOTT<br><br>                    Third-Party Defendant. | 10 Civ. 7819 (LBS)<br><br>**MEMORANDUM &<br>ORDER** |

SAND, J.

Before the Court is Third-Party Defendant Karen Scott ("Scott")'s motion to dismiss the third-party complaint filed by Betty Ellen Berlamino ("Berlamino") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Scott's motion to dismiss is denied.

**I.        Background**

This case involves a claim of age discrimination Salvatore Marchiano brought against Berlamino pursuant to the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101 *et seq.*  Marchiano is an experienced journalist who served as the sports anchor for the television station, WPIX, Inc. ("WPIX")'s nightly news program from 1994 until 2008, when the station

1

decided not to renew his contract.  Marchiano Compl. ¶¶ 11–12.  At the time of his termination in 2008, Marchiano was 67 years old.  *Id.* ¶¶ 6, 17.  In a Complaint he filed with this Court on October 13, 2010, Marchiano accused Berlamino, WPIX's General Manager, of making the decision not to renew his contract at WPIX because of his age, in violation of the anti-discrimination provisions in both the NYHRL and the NYCHRL.  Marchiano sought injunctive and equitable relief, as well as money damages and costs, from Berlamino.  *Id.* A–J.

Berlamino responded to Marchiano's Complaint by filing an Answer denying all of the substantive allegations against her.  She also filed a Third-Party Complaint in which she asserted a claim for contribution from Scott, who worked as News Director at WPIX from 2000 until 2009.  Berlamino argued that because Scott played an active role in the decision to terminate Marchiano, she shares liability for any injury Marchiano is found to have suffered as a result.  Third-Party Compl. ("TPC") ¶ 2.

In response, Scott filed the motion that is the subject of this Order.

## II.     Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999).  To survive dismissal under Fed. R. Civ. P. 12(b)(6), "the plaintiff must provide the grounds upon which his claim rests through 'factual allegations sufficient to raise a right to relief above the speculative level.'"  *ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 ( 2009).

Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 570).

The same standards apply to a motion to dismiss a third-party complaint.

### III.     Discussion

Under New York law, a third party will be liable for contribution only if shown to have "had a part in causing or augmenting the injury for which contribution is sought." *Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 71 N.Y.2d 599, 602 (N.Y. 1988). Scott argues that Berlamino's Third-Party Complaint fails to state a plausible claim for contribution under New York law because it fails to demonstrate that Scott played an active role in the decision to terminate Marchiano, or that she took any actions whatsoever to discriminate against him. The Third-Party Complaint thus fails, Scott argues, to establish a plausible claim that Scott "caus[ed] or augment[ed]" the injury of which Marchiano complains, and thus should be dismissed.

We do not agree, for two reasons. First, although the Third-Party Complaint does not establish how much of a role Scott actually played in the decision to terminate Marchiano, it does plead sufficient facts to plausibly establish that she played *some* role in it. It alleges, for example, that, as News Director, Scott was actively involved in making employment decisions regarding "on-air talent" such as Marchiano. TPC ¶ 7. It also alleges that Scott participated in, and ultimately agreed with, the decision not to renew Marchiano's contract and that she helped select his replacement. TPC ¶¶ 12, 13. It also notes what neither party disputes: namely, that it was Scott who told Marchiano on October 30, 2008 that his contract at WPIX was not being renewed. *Id.* ¶ 10; Def.'s Memo Supp. Mot. Dismiss at 5. Finally, it alleges that it was Scott who informed Berlamino that Marchiano wished to characterize his departure from the station as

a voluntary retirement—a characterization that Marchiano subsequently rejected, and included in his Complaint as evidence of the discrimination he suffered at Berlamino's hands.  TPC ¶ 11; Marchiano Compl. ¶ ¶ 19–21, 23.

Taking all factual allegations as true, and drawing all reasonable inferences in favor of Berlamino—as we are required to do, at this stage in the proceedings—we find these allegations sufficient to establish a reasonable inference that Scott actively participated in the decision to terminate Marchiano and in the decision to characterize his departure from the station as a voluntary departure, and in so doing, may have "caus[ed] or augment[ed] the injury for which contribution is sought." *Nassau Roofing*., 71 N.Y.2d at 602.

Second, although Scott is correct when she argues that the Third-Party Complaint fails to make any specific allegations about her discriminatory acts or animus, she is incorrect in concluding that the Complaint fails as a result to state a plausible claim for contribution under New York law.  Although New York law requires that third-party contributors to share liability for the injury for which contribution is sought, it does not require "that each defendant be liable under the same legal theory."  *Helmrich v. Eli Lilly & Co.,* 455 N.Y.S.2d 460, 462 (N.Y. App. Div. 1982).  Contribution may be claimed not only against joint tortfeasors, but also against "concurrent, successive, independent, alternative, and even intentional tort-feasors," provided that their conduct was a contributing cause of the same injury.  *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 517 N.E.2d 1360, 1364 (N.Y. 1987).  In order to establish that Scott played a part in "causing or augmenting" Marchiano's injury, the Complaint therefore need not demonstrate that Scott acted with the culpability required to trigger liability under the employer discrimination provisions of either statute.  *See* N.Y. Exec § 296(1)(a);  N.Y.C. Admin. Code 8-107(1)(a).  It need demonstrate only that Scott violated the

aiding and abetting provisions of the NYHRL or the NYCHRL by "aid[ing], abet[ting], incit[ing], compel[ling] or coerc[ing]" Berlamino's discriminatory acts. N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code 8-107(6).

To be liable for aiding and abetting in violation of the NYHRL, a defendant must be shown to have "actually participate[d] in the conduct giving rise to a discrimination claim." *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir. 1995). However this does not mean that the individual employee must "himself take part in the primary violation." *Lewis v. Triborough Bridge & Tunnel Auth.*, 77 F. Supp. 2d 376, 381 (S.D.N.Y. 1999). Instead, courts have found aiding and abetting liability under the NYHRL to attach to employees who merely ratified or consented to the discriminatory actions or policies carried out by others. *See, e.g., Bascomb v. Smith Barney, Inc.,* 1999 U.S. Dist. LEXIS 353, at *6 (S.D.N.Y. Jan. 15, 1999); *Hicks v. IBM*, 44 F. Supp. 2d 593 (S.D.N.Y. 1999).

The allegations in the Third-Party Complaint that Scott actively participated in the decision to terminate Marchiano and to select his replacement, and that it was Scott who told Marchiano the news of his termination and who told Berlamino that Marchiano wished his termination to be characterized as a retirement, are sufficient under this standard to state a claim for contribution under the NYHRL, insofar as they make it reasonable to infer that, in her capacity as News Director at WPIX, Scott acted to ratify or effectuate Berlamino's allegedly discriminatory actions.

The Complaint also states a plausible claim for contribution under NYCHRL. NYCHRL provides a more expansive definition of discrimination than that provided in either state or federal law. *Ortiz-Moss v. N.Y. City DOT*, 623 F. Supp. 2d 379, 403 (S.D.N.Y. 2008)

("[T]he New York City Human Rights Law is, in certain respects, meant to be more protective than the parallel federal and state statutes."). As the New York City Council noted in 2005, "[i]nterpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights law cannot fall." Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 §1 (2005). Given that state and federal civil rights laws are meant to serve as a floor for the NYCHRL, the fact that the Complaint states a plausible claim for contribution under the aiding and abetting provision in the state human rights law means that it must also state a plausible claim for contribution with respect to the almost identically worded provision in the NYCHRL.

We therefore do not have to reach the question of whether the Third-Party Complaint states a claim for contribution against Scott based solely on her liability as an employer or supervisor under N.Y. Exec § 296(1)(a) and N.Y.C. Admin. Code 8-107(1)(a) to conclude that the Third-Party Complaint pleads sufficient facts to survive Scott's motion to dismiss.

### IV.   Conclusion

For the reasons provided in the foregoing opinion, Defendant's motion to dismiss the Third-Party Complaint is denied.[1]

SO ORDERED.

Dated: October __, 2011
       New York, NY

_____
U.S.D.J.

---

[1] The Court has considered all of the parties' other arguments and found them to be moot or without merit.