UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE J. MARCHIANO,<br><br>                    Plaintiff,<br><br>-against-<br><br>BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                    Defendant. | 10-CV-07819 (LBS) |
| BETTY ELLEN BERLAMINO, in her professional and individual capacities,<br><br>                    Third-Party Plaintiff,<br><br>-against-<br><br>KAREN SCOTT,<br><br>                    Third-Party Defendant. | |

### KAREN SCOTT'S ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant Karen Scott ("Scott"), by and through her attorneys, Haynes and Boone LLP, for her answer to the Third-Party Complaint herein states:

1. As paragraph 1 merely summarizes the claims in the above-captioned action, no response is necessary.

2. Denies the allegations in paragraph 2 that she has any liability to Berlamino or that she "knowingly participated in the decision not to renew Marchiano's contract and thereby end his employment with WPIX, Inc.," and with respect to Berlamino's denials of having engaged in any unlawful or discriminatory conduct, no response is necessary.

3. As paragraph 3 merely states conclusions of law, no response is necessary.

4. As paragraph 4 merely states conclusions of law, no response is necessary.

5. As paragraph 5 merely states conclusions of law, no response is necessary.

6. Admits that Berlamino was employed by WPIX, Inc. ("WPIX") and that the duties noted were part of Berlamino's responsibilities as General Manager of WPIX.

7. Admits that she was employed as News Director of WPIX between 1996 until her employment was terminated on August 26, 2009, but denies the characterization of her duties and responsibilities as News Director.

8. Admits that Marchiano was employed by WPIX.

9. Refers to the Complaint for the allegations and claims stated therein.

10. Refers to the Complaint for the allegations and claims stated therein.

11. Denies the allegations in paragraph 11.

12. Admits that she was included in discussions regarding on-air talent, but denies that she had decision-maker power or that she "knowingly participated in, and agreed with, the decision not to renew Marchiano's contract."

13. Admits that she was involved in selecting a replacement for Marchiano.

14. Refers to the Complaint for the allegations and claims stated therein.

15. Denies the allegations in paragraph 15 that Berlamino is entitled to any contribution and that she "aided and abetted the alleged conduct that forms the basis for Marchiano's claims," and with respect to Berlamino's denials of having engaged in any unlawful or discriminatory conduct, no response is necessary.

16. As paragraph 16 merely repeats prior allegations, no response is necessary.

17. Denies the allegations contained in paragraph 17.

18. As paragraph 18 merely repeats prior allegations, no response is necessary.

19. Denies the allegations contained in paragraph 19.

FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint alleges claims for relief and seeks damages which, in whole or in part, were caused by the acts or omissions of others.

SECOND AFFIRMATIVE DEFENSE

Scott denies any liability to Berlamino; however, even if Berlamino is able to establish liability on Scott's part, WPIX, Inc. is required to indemnify Scott for any and all liability that results from the alleged conduct, as set forth in Scott's Fourth-Party Complaint.

THIRD AFFIRMATIVE DEFENSE

The claims for relief asserted in the Third-Party Complaint are barred due to Berlamino's unclean hands.

Dated: November 21, 2011

HAYNES AND BOONE, LLP
*Attorneys for Karen Scott*

By:  /s/ Kenneth J. Rubinstein
Kenneth J. Rubinstein
Sarah Jacobson
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 659-7300